IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN P. SCHMITZ, ANNA SVEC,** ) <br> **GOLDA BAU, and JUAN RAMOS,** ) <br>     Plaintiffs, ) <br> ) <br> **v.** ) <br> ) <br> **MARION COUNTY BOARD OF** ) <br> **ELECTIONS, CONNIE LAWSON, and** ) <br> **MYLA ELDRIDGE,** ) <br>     Defendants. ) | Case No. 1:19-cv-03314-TWP-MPB |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' EMERGENCY
MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

                                                                                      Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. The Moving Parties . . . . . . . . . . . . . . . . . . . . . . . . . . .2

II. Indiana's requirements for independent candidates' placement on the ballot . . . . . . . . . . . .3

III. Under Federal law, Indiana's is required to update voter registration information. . . . . . .4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

I. The Plaintiffs have standing . . . . . . . . . . . . . . . . . . . . . . .5

II. There is a substantial likelihood that Plaintiffs will succeed on the merits . . . .5

    A. Contradictions between statutes unconstitutionally burden right to vote . . . . . . . . . . . .6

        i. The Anderson-Burdick test . . . . . . . . . . . . . . . . . . . .6

        ii. The statute is self-contradictory and the Form issued by the State contradicts the statute . . . . . . . . . . . . . . . . . . . .6

        iii. The procedure followed by Defendants is unjustified . . . . . . . . . . . .6

III. The Relief requested is appropriate and narrowly tailored . . . . . . . . . . . . .8

IV. Plaintiffs will suffer irreparable harm absent the requested relief . . . . . . . . . .8

V. Defendants will not be harmed by the requested relief . . . . . . . . . .9

VI. The Public's interest weighs heavily in favor of granting the requested relief . . . . .9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# TABLE OF AUTHORITIES

**Case**                                                                                      **Page(s)**

*Abbott Labs v. Mead Johnson Co.*, 971 F.2d 6 (7th Cir. 1992) . . . . . . . . . . .6

*Anderson v. Celebrezze*, 460 U.S. 780 (1983) . . . . . . . . . . . . . . . . .6

*Burdick v. Takushi*, 504 U.S. 428, 112 S.Ct. 2059 (1992) . . . . . . . . . . . . . . .6, 7

*Common Cause of Ind v. Marion Co Bd of Elections*, 311 F.Supp.3d 949 (S.D.Ind. 2018) . . . 6, 9

*Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978) . . . . . . . . . . . . . 9

*Norman v. Reed*, 502 U.S. 279, 112 S.Ct. 698 (1992) . . . . . . . . . . . . . .6

*Reynolds v. Sims*, 377 U.S. 533 (1963) . . . . . . . . . . . . . . . . . . .5

*Schulz v. Williams*, 44 F.3d 48 (2nd Cir. 1994) . . . . . . . . . . . . . . .6

*TY, Inc. v. Jones Group, Inc.*, 237 F.3d 891 (7th Cir. 2001) . . . . . . . . .6

*United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941) . . . . . . . . . .6

**Statutes and Constitutional provisions**

I.C. § 3-6-4.2-2. . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 7

I.C. § 3-8-6-1, et seq . . . . . . . . . . . . . . . . . . . . . . 1, 7

I.C. § 3-8-6-2 . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7

I.C. §3-8-6-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I.C. § 3-8-6-8 . . . . . . . . . . . . . . . . . . . . . . . . . . .2

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . .1

U.S. Const., Amend. I . . . . . . . . . . . . . . . . . . . . . . . .1

U.S. Const., Amend. XIV . . . . . . . . . . . . . . . . . . . . . . .1

52 U.S.C. § 20507 . . . . . . . . . . . . . . . . . . . . . . . 1, 4-5

52 U.S.C. § 21083(a) . . . . . . . . . . . . . . . . . . . . . .1, 4-5

## PRELIMINARY STATEMENT[1]

This is an action brought under 42 U.S.C. § 1983 for violation of Plaintiffs' rights under the First Amndment, as incorporated and extended to the States by the Fourteenth Amendment, and for violation of the Help Americans Vote Act ("HAVA") 52 U.S.C. § 21083 and the National Voters Registration Act ("NVRA") 52 U.S.C. § 20507.

This motion seeks very targeted emergency relief to allow Indiana citizens' petition signatures, wrongfully disallowed, on a petition for candidacy for the November 2019 municipal election for the office of Mayor of Indianapolis, count. The rights of John P. Schmitz ("Schmitz"), a candidate independent from any political party, to appear on the ballot also have been violated.

Schmitz collected more than the requisite number of signatures of voters registered to vote in Marion County by the July 1, 2019, deadline. The Marion County Election Board ("Board") voted 3-0 to disallow the signatures of One Thousand One Hundred Fifteen (1,115) registered voters because the address given by each of those voters did not match the address the voter gave at the time she or he registered to vote.

Each of these voters was registered to vote in Marion County at the time she or he signed the petition. That is without dispute. The Board based its decision on one (1) section of I.C. § 3-8-6-1, *et seq.*, Indiana's statute for "Nomination by Petition for Independent or Minor Party Political Candidates." By contrast: 1) the form for the petition issued by the Indiana Secretary of State ("Petition of Nomination for City or Town Office in 2019" identified as "State Form 49024 (R6/6-

---

[1] Moving parties seek partial emergency relief to prevent a class of Indiana voters from being disenfranchised on Election Day. Nothing in this motion is intended to waive Plaintiffs' right to full relief on the merits of their claims at trial.

1

18)" (CAN-44), bears instructions that state, in relevant part, each "of the undersigned represents that ... the individual resides at the address after the individual's signature..."; 2) Two other sections of the statute require that a voter list her or his address at the time of signing the petition. I.C. §§ 3-8-6-2 and 3-8-6-8; and 3) The Constitution protects the rights of voters, particularly as against statutory provisions that are merely technical.

The nature of the emergency is that ballots are expected to be printed on or before August 23, 2019. Once the ballots are printed, Schmitz cannot stand as a candidate in the general election.

The ambiguous and contradictory Indiana statutes place an unconstitutional impediment and burden on the fundamental right to vote, and serve no purpose. That the One Thousand One Hundred Fifteen (1,115) signatures are of Marion County registered voters not only is undisputed, but the means by which the address of an individual was determined to be "wrong" was by means of checking the list of registered voters.

There is an easy "fix" to this problem: declare the One Thousand One Hundred Fifteen (1,115) that have been disallowed to be counted and thus allow Schmitz's name to appear on the November ballot.

**STATEMENT OF FACTS**

**I. The Moving Parties**

The Schmitz campaign circulated "Petition of Nomination for City or Town Office in 2019" ("State Form 49024 (R6/6-18), Exh. 1.) Individual Plaintiffs Svec, Bau, and Ramos are registered voters in Marion County and were registered voters in Marion County when they each signed the petition form. Declaration of John Schmitz ("Schmitz Decl."), Exh. 2 ¶ 8; Declaration

of Penny Bigelow ("Bigelow Decl."), Exh. 3, ¶ 7.)  John P Schmitz actively seeks placement on the November 2019, ballot as a candidate for Mayor.  Declaration of John P. Schmitz ("Schmitz Decl."), Exh. 2, ¶ 2 .)

Defendant Marion County Election Board is the body that has authority over placement of candidates on the ballot for the municipal elections.  Defendant Myla Eldridge is the chief election official for Marion County as Marion County Clerk and oversees all election activity in Marion County, including voter registration, municipal and county elections, and maintaining the official list of registered voter.  Defendant Connie Lawson is Secretary of State of the State of Indiana and chief elections officer, overseeing all election activity in the State, including voter registration, municipal and county elections, and maintaining the official list of registered voters.  I.C. § 3-6-4.2-2.

## II. Indiana's requirements for independent candidates' placement on the ballot.

Indiana's statutes provide the means by which a candidate independent of a "major" political party may seek placement on the ballot in a general election pursuant to I.C. § 3-8-6-1, *et seq.*, Indiana's statute for "Nomination by Petition for Independent or Minor Party Political Candidates."

I.C. § 3-8-6-2 provides, generally:

"A candidate may be nominated for an elected office by petition of voters who are:
（1) registered to vote at the residence set forth on the petition on the date the county voter registration office certifies the petition under section 8 of this chapter; and
(2) qualified to vote for the candidate."

The number of signatures of voters required for the petition is "equal to two percent (2%) of the total vote cast at the last election for Secretary of State in the election district that the candidate seeks to represent" and in "determining the number of signatures required ... any fraction in

3

excess of a whole number must be disregarded." I.C. § 3-8-6-3.

Once the signatures have been gathered and submitted, I.C. § 3-8-6-8 provides:

> "For a petition of nomination to be considered valid by the officer required to receive the petition, the county voter registration office in the county where the petitioner is registered must certify that each petitioner is a voter at the residence address listed in the petition at the time the petition is being processed."

Each of these provisions is consonant with the instructions on the form, issued by the Office of the Indiana Secretary of State, for collection of signatures. Each "of the undersigned represents that ... the individual resides at the address after the individual's signature..." (Exh. 6, "Petition of Nomination for City or Town Office in 2019", State Form 49024 (R6/6-18) (CAN-44).)

Despite all of these statutory provisions and the instructions on the State form issued by the Office of Secretary of State Connie Lawson, the Marion County Election Board disallowed the signatures of One Thousand One Hundred Fifteen (1,115) registered voters based upon I.C. § 3-8-6-6(a)(3):

> "(a) The signatures to a petition of nomination need not be appended to one (1) paper, but a petitioner may not be counted unless the petitioner is registered and qualified to vote in conformity with section 8 of this chapter. Each petition must contain the following:
> (1) The signature of each petitioner;
> (2) The name of each petitioner legibly printed.
> (3) The residence address of each petitioner as set forth on the petitioner's voter registration record..."

**III. Under Federal law, Indiana is required to update voter registration information.**

Indiana is under a duty, by Federal law, to update voter registration records. The Help Americans Vote Act ("HAVA") requires Indiana to maintain a centralized voter registration database, 52 U.S.C. § 21083(a)(1)(A)(i), into which local officials enter all voter registration

4

information.  52 U.S.C. §21083(A)(1)(A)(vi).  Voter registration applicants with valid drivers licenses provide their license number on their application.  52 U.S.C. § 21083(a)(5)(A)(i).  The chief election official is required to compare information in the voter registration database with information in the Bureau of Motor Vehicles database "to the extent required ... to verify the accuracy of the information provided on applications for voter registration."  52 U.S.C. § 21083(a)(5)(B)(i).  The National Voter Registration Act ("NVRA") likewise places a duty on State election officials to update voter registration records. NVRA, 52 U.S.C. § 20507.

**ARGUMENT**

**I.  The Plaintiffs have standing.**

Plaintiffs bring their action for violation of their rights to vote and access to the ballot, under 42 U.S.C. § 1983.  The right to vote and to having one's vote count is a right both "individual and personal in nature." *Reynolds v. Sims*, 377 U.S. 533, 561 (1963).  The right of suffrage can be denied by a debasement or dilution of the right to vote just as effectively as by wholly prohibiting the free exercise of the franchise.  *Reynolds*, 377 U.S. at 554.  Each of the Plaintiffs has suffered and will suffer injury because (1) Schmitz has been denied a place on the November 2019, ballot; and (2) Each of the other plaintiffs has been denied a voice and been denied due process of law by arbitrary and capricious disallowance of their signatures on Schmitz's nomination petition.

**II.  There is a substantial likelihood that Plaintiffs will succeed on the merits.**

To prevail on a motion for a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood that they will succeed on the merits; (2) that no adequate remedy at law

exists; and (3) the preliminary injunction is necessary to prevent irreparable injury. *TY, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm the nonmoving party will suffer if relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the court must consider the public interest in denying or granting the injunction. *Id*. The court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Abbott Labs v. Mead Johnson Co.*, 971 F.2d 6, 12 (7th Cir. 1992).

Voting enjoys constitutional protection. *Norman v. Reed*, 502 U.S. 279, 112 S.Ct. 698 (1992); *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059, 2063 (1992). Voters have a fundamental right to associate politically and to vote for candidates of their choice. *Schulz v. Williams*, 44 F.3d 48, 54-55 (2nd Cir. 1994). The right to cast a vote and the right to have one's vote counted are both constitutionally protected. *United States v. Classic*, 313 U.S. 299, 315, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

Plaintiffs in a case such as this "must, at a minimum, show a "'better than negligible' chance of success on the merits of at least one of [their] claims." *Common Cause Of Indiana v. Marion County Board of Elections*, 311 F.Supp.3d 949, 961 (S.D.Ind. 2018).

### i. The Anderson-Burdick test.

A State may not place any burdens on the right to vote that are not adequately justified by the State's asserted interests. *Anderson v. Celebrezze*, 460 U.S. 780, 795 (1983); *Burdick*, 504 U.S. at 428. Each provision of election law "whether it governs the registration and qualification of voters, the selection and eligibility of candidates, or the voting process itself, inevitable affects

6

- at least to some degree - the individual's right to vote and his right to associate with others for political ends." *Anderson*, 460 U.S. at 788. When a State imposes a severe burden, strict scrutiny applies and any burdensome action must be narrowly tailored to advance a compelling State interest. *Id.* Even where the burden is not "severe" enough to warrant strict scrutiny, courts weighing the burden on voters against the State's interest will look to the "precision" with which the State's interests are advanced by the burdensome regulation. *Burdick*, 504 U.S. at 434.

### ii. The Board's interpretation of the statute burdens Plaintiffs' rights.

As previously noted, only one section of the statute supports the Board's action in disallowing the signatures in question, whereas two other sections of the statute and the petition form itself require the current address of the person signing. This impedes the rights of Plaintiff voters as their signatures, and hence their input to the process, were nullified. Schmitz's ability to run as a candidate on the ballot has been denied.

### iii. The procedure followed by Defendants is unjustified.

If the goal of the statutes is to ensure that only those who are legally registered to vote in Marion County have signed the petition, Defendants' actions here are not justified. Neither any member of the Board nor counsel for the Board disputed, at the Marion County Election Board meeting of July 30, 2019, that the One Thousand One Hundred Fifteen (1,115) voters whose signatures were disallowed were all registered to vote in Marion County. The Board agreed those persons were registered voters in Marion County. Rather, the Board operated under the notion that it had to adhere to one sub-section of the statute, I.C. § 3-8-6-6(a)(3). As already noted, *supra*, this lone part of the statute is in conflict with I.C. §§ 3-8-6-2 and 3-8-6-8. No reason was given except that the Board members stated they had to "follow the law." This

despite three contradictions with this one sub-section, *supra*.

### III. The preliminary relief is narrowly tailored.

The potential for imposition of hardship on Defendants in the remedy Plaintiffs seek in this preliminary matter is negligible. Defendants need only allow the One Thousand One Hundred Fifteen (1,115) signatures disallowed to now be counted.

Schmitz submitted, on or before the July1, 2019, deadline, Eight Hundred Fifty-One original sheets of the form petition, issued by the Office of the Secretary of State of Indiana, on which were a total, as noted by the Marion County Election Board on July 30, 2019, of Eight Thousand Two Hundred Ninety-Five (8,295) signatures. The Board disallowed signatures in numbers such that Schmitz was Six Hundred Fifty-Four (654) signatures short. By allowing these One Thousand One Hundred Fifteen (1,115) signatures to be counted, Defendants need only ensure that one name, that John Schmitz, is added to the November, 2019, ballot for Mayor of Indianapolis.

### IV. Plaintiffs will suffer irreparable harm absent the requested relief.

A burden on a group of voters imposed solely in virtue of the political beliefs and affiliations of a majority of the group's members by its nature impinges on freedoms protected by the First Amendment, inviting a searching standard of review. *Common Cause*, 311 F.Supp.3d at 970. "A burden that falls unequally on new or small political parties or on independent candidates impinges, by its very nature, on associational choices protected by the First Amendment." *Anderson*, 460 U.S. at 793.

Schmitz seeks to be included on the 2019 ballot. Plaintiff voters believe he should be

included on this November's ballot. There is no credible reason to preclude Schmitz from the ballot. The 2019 municipal election will be held only once. The harm to Plaintiffs is irreparable.

**V. Defendants will not be harmed by the requested relief.**

If the relief is granted, Defendants need only include Schmitz on the November ballot. It appears "that a constitutionally 'capricious or irrelevant factor'" provided the only justification for the Board's disallowance of the signatures for the petition to include Schmitz on the ballot. See *Common cause*, 311 F.Supp.3d at 970.

**VI. The Public interest weighs heavily in favor of granting the requested relief.**

A person's interest in participating in the political process through voting and having her or his vote counted is a right both 'individual and personal in nature.' *Reynolds*, 377 U.S. at 561; as cited in *Griffin v. Burns*, 570 F.2d 1065, 1072 (1st Cir. 1978). These voters' signatures should be allowed and Schmitz be allowed on the ballot because freedom of choice is essential in our system.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request the Court grant preliminary injunctive relief for the 2019 November municipal election for Mayor of the City of Indianapolis to allow all of the One Thousand One Hundred Fifteen (1,115) signatures, including those of Plaintiff voters, to be counted for purposes of the petitions submitted by Plaintiff Schmitz on July 1, 2019, and to require Defendants to list John Schmitz as a candidate for Mayor of Indianapolis on the November, 2019, ballot.

Date: August 12, 2019                             Respectfully submitted,

      /s Mark Small.
Mark Small.
Attorney Number 14656-49
PO Box 20612
815 East 63rd Place, Suite 101
Indianapolis, Indiana 46220
Telephone: (317) 252-4800
E-mail: marksmall2001@yahoo.com

**Certificate of Service**

I hereby certify that on the 12th day of August, 2019, a copy of the foregoing Emergency Motion for a Preliminary Injunction was served upon all counsel of record through the EM/ECF electronic filing system.

      /s Mark Small.
Mark Small.