IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN M. SCHMITZ, ANNE SVEC, GOLDA BOU, and JUAN RAMOS | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:19-cv-03314-TWP-MPB |
| MARION COUNTY BOARD OF ELECTIONS, CONNIE LAWSON, and MYLA ELDRIDGE, | ) ) ) ) ) | |
| Defendants. | ) | |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

    A.    Plaintiffs are John M. Schmitz, Anne Svec, Golda Bou, and Juan Ramos.

          Defendants are the Marion County Board of Elections, Connie Lawson, and Myla Eldridge.

    B.    Counsel for Plaintiffs:

          Mark Small
          PO Box 20612
          815 E 63rd Place, Suite 101
          Indianapolis, Indiana 46220
          marksmall2001@yahoo.com
          (317) 252-4800

          Counsel for the Marion County Board of Elections and Myla Eldridge:

          Daniel P. Bowman (31691-49)
          Anne C. Harrigan (23601-64)
          OFFICE OF CORPORATION OF COUNSEL
          200 E. Washington Street, Suite 1601
          Indianapolis, IN 46204
          daniel.bowman@indy.gov
          anne.harrigan@indy.gov
          (317) 327-4055

    Anne K. Ricchiuto, (25760-49)
    Stephanie L. Boxell, (31234-49)
    FAEGRE BAKER DANIELS LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, IN 46204-1782
    Tel: (317) 237-0300
    anne.ricchiuto@faegrebd.com
    stephanie.boxell@faegrebd.com

    Counsel for Connie Lawson:

    Jefferson S. Garn
    Rebecca L. McClain
    Parvinder K. Nijjar
    Robert A. Rowlett
    Office of the Attorney General
    302 W. Washington St.
    IGC-South, Fifth Floor
    Indianapolis, IN 46204-2770
    Email: jefferson.garn@atg.in.gov
    Phone: (317) 234-7119

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

   A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

   B.    Plaintiffs believe that because the Court held against Plaintiffs on preliminary injunctive relief does not equate to a grant of summary judgment for defendants. The facts will establish that the manner in which signatures for candidate petitions are counted toward that candidates required number to be included on a ballot has been discriminatory. Furthermore, address information for voters has not been updated so as to be consistent with the NVRA and HAVA. Furthermore, voters with non-traditional addresses and voters who are of protected classes also were omitted by defendants.

   C.    The Indiana Secretary of State has still not been sued as of the preparation of the case management plan. The Secretary has raised this issue several times and has not waived service. Thus, the Court does not have personal jurisdiction over the Secretary in this case. Further, there is no ongoing injury that would be redressible by the Secretary, so the plaintiffs do not have standing against the Secretary.

*Revision Date: September 7, 2018*

The Marion County Board of Elections (the "Board") and Myla Eldridge ("Clerk Eldridge") deny any liability in this matter. The Court has already found that Plaintiffs cannot show a likelihood of success on the merits of their constitutional claims. The evidence will continue to support the Court's decision and establish that the Board and Clerk Eldridge are entitled to summary judgment. The facts will also establish that the Board and Clerk Eldridge did not violate any constitutional provision not raised by Plaintiffs in their preliminary injunction motion, nor did they violate the NVRA, HAVA, or any other election law.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before December 6, 2019

The Secretary of State objects to being subject to initial disclosure obligations or any other case management obligations because the Secretary has not been served and the plaintiffs do not have standing to sue the Secretary.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before December 13, 2019.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before December 20, 2019.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before January 6, 2020.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before January 6, 2020. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before August 6, 2020. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 7, 2020; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before September 7, 2020.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures

    are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

 H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than December 7, 2020.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

 I. All parties shall file and serve their final witness and exhibit lists on or before October 6, 2020. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

 J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

 K. <u>Discovery of electronically stored information ("ESI")</u>.  The parties do not believe that a substantial volume of ESI will be produced in the case. The parties agree to the following claw back provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.** **<u>Discovery[1] and Dispositive Motions</u>**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve

4

>Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.
>
>A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?
>
>The Secretary of State believes this case is appropriate for resolution through a dispositive motion because the Court does not have jurisdiction against the Secretary and the plaintiffs do not have standing.
>
>The Board and Clerk Eldridge believe this case is appropriate for summary judgment for the reasons stated above in Section II(C).
>
>B. On or before June 13, 2020, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.
>
>C. Select the track that best suits this case:
>
>   __X__ Track 2: Dispositive motions are expected and shall be filed by August 6, 2020, non-expert witness discovery and discovery relating to liability issues shall be completed by June 8, 2020; expert witness discovery and discovery relating to damages shall be completed by November 6, 2020. All remaining discovery shall be completed by December 8, 2020 from Anchor Date.
>
>   <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties do not believe this case is amenable to settlement.**

VI.   **Trial Date**

The parties request a trial date in April 2021. The trial is anticipated to take three days.

VII.   **Referral to Magistrate Judge**

A.   **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.   **Required Pre-Trial Preparation**

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by

6

*Revision Date:  September 7, 2018*

    opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for

7

*Revision Date:  September 7, 2018*

    proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**  **Other Matters**

  None.

*/s/ Mark Small (with permission)*
Mark Small
PO Box 20612
815 E 63rd Place, Suite 101
Indianapolis, Indiana 46220

*/s/ Jefferson S. Garn (with permission)*
Curtis T. Hill, Jr
Jefferson S. Garn
Rebecca L. McClain
Parvinder K. Nijar
Rpbert Austin Rowlett
Indiana Attorney General
219 Statehouse
200 West Washington Street
Indianapolis, IN 46204

*/s/ Daniel P. Bowman*
Daniel P. Bowman (31691-49)
Anne C. Harrigan (23601-64)
OFFICE OF CORPORATION OF COUNSEL
CITY OF INDIANAPOLIS
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204

Anne K. Ricchiuto, (25760-49)
Stephanie L. Boxell, (31234-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Tel: (317) 237-0300
Fax: (317) 237-1000

*Revision Date: September 7, 2018*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_ .M., ROOM _____ . |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

9

*Revision Date:  September 7, 2018*

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____   _____
Date                                                                          U. S. District Court
                                                                                     Southern District of Indiana